NOT DESIGNATED FOR PUBLICATION

No. 120,871

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARKIETH HOWARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER ORTH MYERS, judge. Opinion filed September 27, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Markieth K. Howard appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Howard's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On August 11, 2016, Howard pled guilty to one count of aggravated assault. On October 7, 2016, the district court sentenced Howard to 24 months' imprisonment but granted probation for 24 months to be supervised by community corrections.

Later, Howard received a 3-day sanction for violating the conditions of his probation, followed by a 120-day sanction imposed by the district court. The district

1

court also extended Howard's probation for another 12 months after his release from the 120-day sanction. At a hearing on January 9, 2019, Howard admitted to violating the conditions of his probation on many grounds, including failing to report as directed, failing to complete drug treatment, failing to refrain from using illegal substances, and failing to maintain employment. The district court revoked Howard's probation and ordered him to serve his original prison sentence. Howard timely appealed.

On appeal, Howard claims the district court "abused its discretion in ordering him to serve the underlying sentence instead of reinstating probation." He argues that he made progress on many conditions of his probation and that reinstatement would have allowed him to continue to address his addiction issues. But Howard concedes that when it is shown that a defendant has violated the conditions of probation, the decision to revoke probation is within the district court's discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

As Howard concedes, the district court had imposed the intermediate sanctions required by law before revoking his probation. See K.S.A. 2018 Supp. 22-3716(c)(1)(E). In revoking Howard's probation, the district court stated: "You have been given every

2

opportunity to fix [your drug addiction problem] and you're not doing it and you're giving me excuses." The district court's decision to revoke Howard's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Howard has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentence.

Affirmed.